THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JENNIFER DENNIS, on behalf of herself, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-05427 |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| GREATLAND HOME HEALTH SERVICES, INC., and MONSURU HASSAN, | )<br>) |
| Defendants. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Jennifer Dennis ("Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her undersigned counsel, hereby makes the following allegations against Greatland Home Health Services, Inc. and Monsuru Hassan (collectively, "Defendants"), upon personal knowledge as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to redress Defendants' systematic, companywide violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq.*, by knowingly misclassifying Plaintiff and other similarly situated home health clinicians as exempt from the overtime compensation

requirements of the FLSA and IMWL and failing to reimburse their expenses incurred within the scope of their employment as required by the IWPCA. Defendants knowingly failed to pay their home health clinicians proper overtime premium wages for overtime work they performed and reimburse them for expenses incurred despite knowingly paying them pursuant to a hybrid "per visit" and hourly pay scheme that does not comport with the requirements of the FLSA, IMWL, or the IWPCA.

2. Plaintiff Dennis brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all individuals who worked as home health clinicians for Defendants at any point during the maximum limitations period (the "FLSA Collective").

3. Plaintiff Dennis brings her IMWL and IWPCA claims as a class pursuant to Fed. R. Civ. P. 23 for all Illinois residents who worked as home health clinicians for Defendants at any point during the maximum limitations period ("The Illinois Class").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Dennis resides in this District, Plaintiff Dennis worked for Defendants in this District, Plaintiff Dennis suffered the losses at issue in this District, Defendants do business within this District, Defendants are alleged to have engaged in the wrongful conduct at issue in this District, and because a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

8. Plaintiff Jennifer Dennis is a resident of Illinois. From December 2018 until July 2019, Plaintiff Dennis worked as a Registered Nurse for Defendants, performing home health care services in this District. Defendants paid Plaintiff on a combined "per visit" and hourly basis that did not include the payment of proper overtime premium wages for the work she performed beyond forty hours in any workweek. In addition, Defendants required Plaintiff to use her personal vehicle to travel between patient visits and to use her personal cell phone for business communications, but failed to reimburse her for necessary expenditures she incurred as a result of the business use of these personal items. As a result, Plaintiff Dennis is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9. Plaintiff Dennis has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10. Defendant Greatland Home Health Services, Inc. ("Greatland") is an Illinois corporation with its principal place of business located at 24W500 Maple Avenue, Suite 205 in Naperville, Illinois. Greatland's core business involves the provision of home health care services in northeastern Illinois. As discussed more fully below, Greatland is directly responsible for the operation of its home healthcare business and for the policies, practices, and conduct at issue in

this case.

11. Defendant Monsuru Hassan ("Hassan") is the owner and operator of Greatland. At all relevant times, Hassan has exercised operational control over Greatland, controlled significant business functions of Greatland, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Greatland in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Greatland's employees. As such, at all relevant times, Defendant Hassan has been directly responsible for the operation of its home healthcare business and for the policies, practices, and conduct at issue in this case.

## FACTUAL ALLEGATIONS

12. This action arises out of Defendants' systematic, company-wide failure to timely pay Plaintiff and other similarly situated home health clinicians proper overtime compensation as required by the FLSA and IMWL and to reimburse expenses these clinicians incurred within the scope of their employment as required by the IWPCA. The affected employees worked for Defendants as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, and in other similarly-designated skilled care positions (collectively "Clinicians"), whose primary duties involved providing health care services to patients in their homes.

13. During the relevant statutory period, Defendants have maintained a uniform corporate policy and practice of paying Clinicians pursuant to a compensation method which includes "per visit" payments for some work, hourly payments for other work, and no payments whatsoever for other work performed outside of the time spent in the patients' homes.

14. Defendants pay Clinicians on a "per visit" basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type. For example, all routine visits are paid at a Clinician's routine visit rate, and start of care visits, recertification visits, resumption

of care visits, and discharge visits are paid at other set rates. These visit rates are based on the amount of care and documentation time required for each type of visit, and thus home visits that require more care and documentation are paid at higher rates.

15. Defendants pay Clinicians at an hourly rate of pay for time spent on certain tasks, including but not limited to, time spent in case conferences, orientation, and in-service training. Clinicians are also paid an hourly rate when they take paid time off (PTO).

16. Defendants do not pay Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent providing care to patients in their homes, including but not limited to, completing documentation of patient visits ("charting"), preparing for visits, communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters, coordinating patient care with other providers, travelling between patients' homes, ordering, organizing and retrieving equipment and supplies used during their home visits, and for registered nurses, time spent dropping off lab specimens and following up on lab work.

17. Defendants directed Plaintiff and other Clinicians to work, and they routinely did work, more than forty hours per week on the various work-related tasks described above.

18. Defendants routinely suffered and permitted Plaintiff and other Clinicians to work overtime hours, but did not pay overtime wages earned at a rate of 1½ times their regular rate of pay for hours worked in excess of forty.

19. Defendants misclassified Plaintiff and other Clinicians as exempt from overtime compensation under the FLSA and IMWL. For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must affirmatively establish that the employee performs job duties that meet one of the statutorily-defined exemptions and the employee is paid on either a salary-basis or a fee-basis. Defendants' hybrid pay scheme does not

5

meet either the salary-basis requirement or the fee-basis requirement, meaning that Defendants had no valid basis to classify Plaintiff, or any other Clinician, as overtime exempt and, therefore, wrongly deprived these employees of legally-required overtime wages.

20. Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff and other Clinicians worked, and did not require any Clinician, including Plaintiff, to maintain such records.

21. Defendants required Plaintiff and other Clinicians to use their personal vehicles to travel between patient visits and to use their personal cell phones for business communications, but failed to reimburse them for necessary expenditures they incurred as a result of the business use of their personal items.

22. Defendants knew or should have known, that Plaintiff and other Clinicians performed non-exempt work that required payment of overtime compensation because they assigned the work they performed, tracked their performance of their work, and required all Clinicians to complete extensive documentation detailing their work and when it was completed.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings her claims on a collective basis pursuant to the FLSA, 29 U.S.C. § 216(b), for all people who worked as home health Clinicians for Defendants at any point during the maximum limitations period (the "FLSA Collective").

24. Plaintiff belongs to the FLSA Collective she seeks to represent because:

    a. She worked as a home health Clinician for Defendants during the relevant period and had similar job duties to the other FLSA Collective members;

    b. She received the same training from Defendants and was required to comply with the same wage and hour policies;

  c. Plaintiff's wages were calculated and paid based on Defendants' hybrid "per visit" and hourly wage pay scheme that included fixed, per-visit payments for some work, hourly payments for other work, and no compensation at all for other required tasks;

  d. Defendants routinely suffered and permitted Plaintiff to work more than forty hours per workweek, but did not pay her overtime wages earned at a rate of 1½ times her regular rate of pay for hours worked in excess of forty;

  e. Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any Clinician, including Plaintiff, to maintain such records;

  f. Defendants knew Plaintiff was working more than 40 hours per week, because they assigned the work she performed, tracked her performance of this work, and required her to complete extensive documentation detailing her work and when it was completed; and

  g. Defendants did not pay Plaintiff proper overtime premium wages for the work she performed beyond forty hours in any workweek.

25. Although Plaintiff and the FLSA Collective members may have worked in different job titles, this action may be properly maintained as a collective action because, among other things:

  a. They worked under the same material terms and conditions of employment;

  b. They performed the same job duties and had the same job-related responsibility of providing skilled care to patients in their homes;

  c. They received common training about their employment and the wage and hour policies and practices at issue here;

7

    d.  They were governed by the same timekeeping policies, practices, and systems;

    e.  They were governed by the same compensation policies, practices and systems;

    f.  They were governed by the same policies, practices, and systems concerning work hours and the performance of their work; and

    g.  They were governed by the same policies, practices, and systems concerning overtime hours and wages.

  26.  Plaintiff and the FLSA Collective members do not meet any test for exemption under the FLSA.

  27.  Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include over 50 members. The precise number of FLSA Collective members will be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## ILLINOIS CLASS ACTION ALLEGATIONS

  28.  Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and all other similarly situated Clinicians who worked for Defendants in Illinois at any point during the maximum limitations period (the "Illinois Class").

  29.  Plaintiff and other similarly situated Clinicians all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

30. Plaintiff belongs to the Class she seeks to represent because she:

    a. Is a resident of Illinois;

    b. Worked under the same material terms and conditions of employment as the Illinois Class members;

    c. Performed the same job duties and had the same job-related responsibilities as the Illinois Class members;

    d. Received the same training about her employment and the wage and hour policies and practices at issue here as the Illinois Class members;

    e. Was governed by the same timekeeping policies, practices and systems as the Illinois Class members;

    f. Was governed by the same compensation policies, practices and systems as the Illinois Class members;

    g. Was governed by the same policies, practices and systems concerning reimbursement of necessary expenditures as the Illinois Class members;

    h. Was governed by the same policies, practices and systems concerning work hours and the performance of their work as the Illinois Class members; and

    i. Was governed by the same policies, practices and systems concerning overtime hours and wages as the Illinois Class members.

### Class Definition

31. Plaintiff seeks certification of an Illinois Class of the following individuals:

All persons who currently work, or have worked, for Greatland Home Health Services, Inc. as a home health Clinician in Illinois within the applicable statute of limitations (the "Illinois Class").[1]

---

[1] Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after the completion of discovery. Further, under the IMWL, the statute of limitations

**Numerosity**

32. More than 50 Clinicians were employed by Defendants in Illinois who were subject to the same practices challenged in this action as alleged above and not paid proper overtime compensation for all time worked in excess of forty in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirements as the Illinois Class is so numerous that joinder of all members is impracticable.

33. Members of the proposed Illinois Class can be identified and located using Defendants' payroll and personnel records. Members of the Illinois Class may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

**Commonality**

34. There are questions of fact and law common to the Illinois Class members which predominate over questions affecting only individual members, if any. Plaintiff, the members of the Illinois Class, and Defendants have a commonality of interest in the subject matter and the remedy sought.

35. If individual actions were required to be brought by each member of the Illinois Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the Illinois Class, and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Illinois Class is entitled.

---

is three years, *see* 820 ILCS § 105/12, and the expense reimbursement provision of the IWPCA became effective as of January 1, 2019.

### Typicality

36. Plaintiff's claims are typical of the claims of the Illinois Class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the Illinois Class she seeks to represent.

### Adequacy

37. Plaintiff is an adequate representative of the Illinois Class she seeks to represent because she is a member of the Illinois Class, and her interests do not conflict with the interests of the other members of the Illinois Class. The interests of each Illinois Class member will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Predominance and Superiority

38. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.

39. Moreover, as the damages suffered by each Illinois Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Illinois Class member to bring individual claims.

40. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of each Illinois Class member to protect his/her interests.

## COUNT I
## FAIR LABOR STANDARDS ACT SECTION 207
## DEFENDANTS' FAILURE TO PAY EARNED OVERTIME

41. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

42. Each Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

43. The wages Defendants paid to Plaintiff Dennis and the FLSA Collective members are "Wages" as defined by 29 U.S.C. § 203(m).

44. Defendant Greatland Home Health Services, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45. Plaintiff Dennis and the FLSA Collective members are "Employees" as defined by 29 U.S.C. § 203(e)(1).

46. Plaintiff Dennis and the FLSA Collective members are similarly-situated individuals within the meaning of the 29 U.S.C. § 216(b).

47. 29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, employers must pay employees an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

48. 29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

49. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with its requirements.

50. Throughout the relevant period, Defendants were obligated to comply with the FLSA's requirements, Plaintiff Dennis and the FLSA Collective members were covered employees entitled to the FLSA's protections, and Plaintiff Dennis and the FLSA Collective members were not exempt from receiving wages required by the FLSA for any reason.

51. Defendants willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly misclassifying Plaintiff Dennis and the FLSA Collective members as "exempt," and thereby knowingly suffering or permitting them to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with the FLSA, 29 U.S.C. § 207(a)(1).

52. Defendants willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff Dennis and the FLSA Collective members worked.

53. Plaintiff Dennis and the FLSA Collective members have been harmed as a direct and proximate result of the unlawful conduct described here because they have been deprived of proper overtime wages owed for work they performed from which Defendants derived a direct and substantial benefit.

54. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff Dennis and the FLSA Collective members all wages mandated by the FLSA.

55. As a result of Defendants' violations of the FLSA, Plaintiff Dennis and other members of the FLSA collective have suffered harm and are entitled to recoup their unpaid wages, together with an additional equal amount as liquidated damages and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
## DEFENDANTS' FAILURE TO PAY EARNED OVERTIME

56. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57. Each Defendant is an "Employer" as defined by 820 ILCS § 105/3(c).

58. Plaintiff Dennis and the Illinois Class members are "Employees" as defined by 820 ILCS § 105/3(d).

59. The wages Defendants paid to Plaintiff Dennis and the Illinois Class members are "Wages" as defined by 820 ILCS § 105/3(b).

60. Plaintiff Dennis and the Illinois Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. The IMWL, 820 ILCS § 105/4(a), provides that, with certain exceptions not applicable here, employers must pay employees 1½ times their regular rate for all hours worked in excess of 40 per workweek.

62. The IMWL, 820 ILCS § 105/12, provides that employers who violate the provisions of the act are liable to affected employees for treble unpaid wages, attorney's fees, costs, damages of 5% (2% before February 19, 2019) of the amount of any such underpayment for each month following the date the payment was due and other appropriate relief.

63. The IMWL, 820 ILCS § 105/8, expressly requires employers to maintain accurate time records of the work performed by their employees.

64. Throughout the relevant period, Defendants were obligated to comply with the IMWL's requirements, Plaintiff Dennis and the Illinois Class members were covered employees entitled to the IMWL's protections, and Plaintiff Dennis and the Illinois Class members were not exempt from receiving wages required by the IMWL for any reason.

65. Defendants violated the IMWL and acted with reckless disregard of clearly applicable IMWL provisions by knowingly misclassifying Plaintiff Dennis and the Illinois Class members as "exempt," and thereby knowingly suffering or permitting them to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with Section 105/4(a) of the IMWL.

66. Defendants violated the IMWL, 820 ILCS § 105/8, and acted with reckless disregard of clearly applicable IMWL provisions by knowingly failing to create or maintain accurate records of the time Plaintiff Dennis and the Illinois Class members worked.

67. Plaintiff Dennis and the Illinois Class members have been harmed as a direct and proximate result of the unlawful conduct described here because they have been deprived of proper overtime wages owed for work they performed from which Defendants derived a direct and substantial benefit.

68. As a result of Defendants' violations of the IMWL, Plaintiff Dennis and the Illinois Class members have suffered harm and are entitled to recoup treble the amount of their unpaid wages, together with reasonable attorneys' fees and costs, damages of 5% (2% before February 19, 2019) of the amount of any such underpayment for each month following the date the payment was due and other appropriate relief, pursuant to 820 ILCS § 105/12.

## COUNT III
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### DEFENDANTS' FAILURE TO REIMBURSE NECESSARY EXPENSES INCURRED

69. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

70. Each Defendant is an "Employer" as defined by 820 ILCS § 115/2.

71. Defendant Hassan is also an "Employer" as defined by 820 ILCS § 115/13.

72. Plaintiff Dennis and the Illinois Class members are "Employees" as defined by 820 ILCS § 115/2.

73. The expenses Plaintiff Dennis and the Illinois Class members incurred as a result of the business use of their personal vehicles and personal cell phones are "necessary expenditures" as defined by 820 ILCS § 115/9.5(a).

74. Plaintiff Dennis and the Illinois Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

75. The IWPCA, 820 ILCS § 115/9.5(a), provides that employers must reimburse employees for all necessary expenditures that are required of employees in the discharge of employment duties and that inure to the primary benefit of the employer.

76. The IWPCA, 820 ILCS § 115/14, provides that employers who violate the provisions of the act are liable to affected employees for the amount of the underpayments and damages of 2% of the amount of any such underpayments for each month following the date the payment was due and other appropriate relief.

77. Throughout the relevant period, Defendants were obligated to comply with the IWPCA's requirements, and Plaintiff Dennis and the Illinois Class members were covered employees entitled to the IWPCA's protections.

78. Defendants violated the IWPCA and acted with reckless disregard of clearly applicable IWPCA provisions by knowingly requiring Plaintiff Dennis and the Illinois Class members to use their personal vehicles to travel between patient visits and to use their personal cell phones for business communications, but failing to reimburse them for necessary expenditures they incurred as a result of the business use of their personal items in accordance with Section 115/9.5(a) of the IWPCA.

79. Plaintiff Dennis and the Illinois Class members have been harmed as a direct and proximate result of the unlawful conduct described herein because they have been deprived of reimbursement of necessary expenditures incurred within the scope of their employment, directly related to the services they performed, required of them in the discharge of their employment duties, and that inured to the primary benefit of Defendants.

80. As a result of Defendants' violations of the IWPCA, Plaintiff Dennis and the Illinois Class members have suffered harm and are entitled to recoup the amount of their unpaid expense reimbursements, together with reasonable attorneys' fees and costs, damages of 2% of the amount of the underpayments for each month following the date payment was due and other appropriate relief, pursuant to 820 ILCS § 115/14.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Dennis, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendants, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action, and as follows:

A. Approve this matter to proceed as a collective action with respect to Count I;

B. Order Defendants to furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all FLSA Collective members who have worked for the Defendants within the last three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all FLSA Collective members who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Certify this matter as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, and certify the Illinois Class set forth above, with respect to Counts II and III;

E. Appoint Stephan Zouras, LLP to serve as class counsel;

F. Award judgment in favor of Plaintiff Dennis and against Defendants for an amount equal to Plaintiff Dennis's and the FLSA Collective members' unpaid overtime compensation;

G. Award judgment in favor of Plaintiff Dennis and against Defendants for an amount equal to Plaintiff Dennis's and Illinois Class members' unpaid overtime compensation;

H. Award judgment in favor of Plaintiff Dennis and against Defendants for an amount equal to Plaintiff Dennis's and Illinois Class members' unpaid expense reimbursements;

I. Declare that Defendants' violations of the FLSA were willful;

J. Award Plaintiff Dennis and the members of the FLSA Collective liquidated damages in an amount equal to the amount of unpaid overtime found due in accordance with the FLSA;

K. Award Plaintiff Dennis and the members of the Illinois Class treble damages in accordance with the IMWL;

L. Award Plaintiff Dennis and the members of the Illinois Class 5% (2% before February 19, 2019) of all wages due for each month accruing from the date such amounts were due until they are paid in accordance with the IMWL;

M. Award Plaintiff Dennis and the members of the Illinois Class 2% of all unpaid expense reimbursements due for each month accruing from the date such amounts were due until they are paid in accordance with the IWPCA;

N.     Award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded);

O.     Award Plaintiff Dennis reasonable attorneys' fees and all costs of the collective action, to be paid by Defendants, in accordance with the FLSA;

P.     Award Plaintiff Dennis reasonable attorneys' fees and all costs of the class action, to be paid by Defendants, in accordance with the IMWL and IWPCA;

Q.     Award pre- and post-judgment interest and court costs as further allowed by law;

R.     Award a reasonable service award to Plaintiff Dennis to compensate her for the time and effort spent protecting the interests of other Clinicians, and the risks she has undertaken;

S.     Grant Plaintiff Dennis leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

T.     Grant Plaintiff Dennis leave to amend to add claims under applicable state and federal laws;

U.     Provide additional general and equitable relief to which Plaintiff Dennis and the Illinois Class may be entitled; and

V.     Provide further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: August 13, 2019                                     Respectfully Submitted,

*/s/ James B. Zouras*

James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Stephan Zouras, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com

tbecvar@stephanzouras.com

*Attorneys for the Plaintiff and the Putative Collective and Class*

**CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on August 13, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                      */s/ James B. Zouras*