IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jennifer Dennis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19 C 5427 |
| | ) |
| Greatland Home Health | ) |
| Services, Inc., and Monsuru | ) |
| Hassan, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer Dennis moves for conditional class certification and notice to potential class members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons that follow, her motion is granted in part.

I.

Plaintiff formerly worked for defendants Greatland Home Health Services, Inc. ("Greatland") and Monsuru Hassan as a nurse performing home health care visits. She alleges that defendants willfully violated the FLSA by misclassifying her and certain other home health workers ("Clinicians") as exempt from overtime compensation and denying them pay at one-and-a-half times their regular rate for time worked beyond 40 hours per week. Specifically, plaintiff alleges that defendants compensated her and other Clinicians by paying them on a combined per visit basis for some work and an hourly basis for

1

other work. She contends that positions subject to this compensation practice are not exempt from overtime requirements under the FLSA. She also asserts supplemental claims for violations of state wage laws.

Plaintiff asks that I grant conditional certification to a class of other Clinicians, order defendants to produce the names and contact information of potential class members, and approve court-supervised notice to those potential class members. Plaintiff proposes the following class definition:

> All individuals employed by Greatland Home Health Services, Inc. as home health Registered Nurses, Physical Therapists, Occupational Therapists, and Speech Therapists and who were paid on a "per visit" basis during a period from three years prior to the entry of the conditional certification order to the present.

Dkt. No. 12 at 6.

## II.

The FLSA authorizes private employees to bring an action for overtime pay on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Unlike opt-out class actions authorized by Federal Rule of Civil Procedure 23, such actions proceed as collective or "opt-in representative" actions. *Schaefer v. Walker Bros. Enters.*, 829 F.3d 551, 553 (7th Cir. 2016). District courts have "wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citation omitted). Courts in this district

routinely employ a two-stage approach to determine whether to certify a collective FLSA action. *See*, *e.g.*, *Jirak v. Abbott Laboratories, Inc.*, 566 F.Supp.2d 845, 847-48 (N.D.Ill. 2008).

At the first stage, I consider whether to grant conditional certification of plaintiff's collective action and allow her to send notice thereof to other employees who may be similarly situated. *Id.* at 848. To obtain this relief, plaintiff must make a "minimal showing" that potential class members are similarly situated. *Id.* (citing *Mielke v. Laidlaw Transit, Inc.,* 313 F.Supp.2d 759, 762 (N.D.Ill. 2004)). That is, she must provide "some evidence in the form of affidavits, declarations, deposition testimony, or other documents" to support her allegations that she and potential class members were subjected to defendants' unlawful policy. *Pieksma v. Bridgeview Bank Mortgage Co., LLC*, 15 C 7312, 2016 WL 7409909, at *1 (N.D.Ill. Dec. 22, 2016) (quoting *Binissia v. ABM Indus., Inc.,* No. 13 C 1230, 2014 WL 793111, at *3 (N.D.Ill. Feb. 26, 2014)). I make this determination using a "lenient interpretation" of the term "similarly situated." *Jirak*, 566 F.Supp.2d at 848 (citations and internal quotations omitted). I do not "make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Pieksma,* 2016 WL 7409909, at *1 (quoting *Briggs v.*

*PNC Fin. Servs. Grp., Inc.*, No. 15-CV-10447, 2016 WL 1043429, at *2 (N.D.Ill. Mar. 13, 2016)).

The second stage occurs after the notice and opt-in process concludes. *Jirak*, 566 F.Supp.2d at 848. I then engage in a "more stringent" inquiry to determine whether there is enough similarity between plaintiff and the class members who have opted-in to allow the collective action to proceed. *Id*.

### III.

Plaintiff has provided evidence that she and potential members of her proposed class were subjected to the same unlawful policy. In a sworn declaration, plaintiff describes Greatland's practice of paying plaintiff and 30-50 other Clinicians a set rate for each home visit, an hourly rate for training and staff meetings, and not compensating them for tasks related to patient care and documentation outside of home visits. Dkt. No. 12-2 at ¶¶ 8-10, 12. She lists the weekly tasks performed by her and other Greatland home health Clinicians. *Id*. at ¶ 4. She also states that her position required her to work more than 40 hours per week, she worked about 55-60 hours per week when she had a full patient caseload, and she was not paid at a time-and-one-half rate for the time she worked beyond 40 hours per week. *Id*. at ¶ 5. Plaintiff has thus made the requisite minimal factual showing that she and other Greatland Clinicians are similarly situated. *See Jirak*, 566 F. Supp. 2d at

4

848 (at the first stage, a "court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.") (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

Defendants respond with three arguments as to why conditional certification should be denied: plaintiff has not made any showing that other employees worked more than 40 hours per week for Greatland; evidence shows that plaintiff did not work more than 40 hours per week for Greatland; and she has not alleged that any other employees desire to participate in this action.

Defendants' first two arguments are premature as they challenge the factual merits of this collective action. The question of whether a given Greatland employee worked more than 40 hours per week, and consequently was harmed by defendants' alleged unlawful practice, is properly addressed at the second stage of certification. *See, e.g., Kujat v. Roundy's Supermarkets Inc.*, No. 18 C 5326, 2019 WL 1953107, at *4 (N.D. Ill. May 2, 2019) ("[C]oncerns regarding a lack of common facts among potential collective members and the need for individualized inquiries should be raised at step two, not step one") (citing *Lukas v. Advocate Health Care Network & Subsidiaries*, 14 C 2740, 2014 WL 4783028, at *3 (N.D.Ill. Sept.

5

24, 2014)). Likewise, it is too early for me to weigh the parties' competing evidence as to whether plaintiff worked overtime. *See Pieksma,* 2016 WL 7409909, at *1.

Nor am I convinced that plaintiff must show that other employees wish to participate in this action in order to obtain conditional certification. Such a requirement would undermine district courts' ability to ensure class notice is fair and accurate by having named plaintiffs effectively "issue their own form of informal notice or [] otherwise go out and solicit other plaintiffs" before seeking conditional certification*. Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007). Furthermore, requiring a named plaintiff to clear such a hurdle would "undermine the 'broad remedial goal' of the FLSA." *Id*. (citing *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 173 (1989)); *but cf. O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008) (". . . Plaintiffs must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit.").

Accordingly, I approve conditional certification of plaintiff's proposed class.

IV.

I turn next to plaintiff's proposals for issuing notice to potential class members and related discovery requests.

A.

Plaintiff asks that I approve the proposed notice document she has submitted. *See* Dkt. No. 12-1. Notice is adequate if it provides potential class members "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. Defendants raise three objections to the content of plaintiff's proposed notice.

First, defendants request that certain introductory language, stating that the notice is sent "to advise you of how your rights may be affected by this suit," be deleted from the notice. Dkt. No. 22 at 13. They argue that this statement suggests to the recipients that their rights may be affected by this suit even if they do not respond or opt in. But, as defendants concede, employee rights may be affected by the statute of limitations, the application of which may be impacted by their participation in this suit. That language may stand.

Second, defendants propose replacing the phrase "you may not be able to participate in this lawsuit" if recipients fail to opt-in within the time required. *Id.* at 14. They argue that language implies that the recipients could be barred from pursuing any overtime claims at all. Defendants propose the sentence instead read: "you may not be able to participate in this lawsuit, although you may be able to pursue claims

7

separately, consistent with any applicable statute of limitations." *Id*. I agree that this improves the clarity of the notice and order it to be revised accordingly.

Third, defendants object that the proposed notice is silent as to the fact that potential plaintiffs may share in liability for the payment of costs if the defendants prevail. Defendants contend that such costs can be significant, but they provide no explanation or factual support for that perfunctory statement. Accordingly, I am not convinced. Here, the risk that cost warnings will frighten potential participants away from this suit is a greater concern. *See, e.g., Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 843 (N.D. Ill. 2016); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775, 783 (C.D. Ill. 2015).

Upon reviewing the remainder of plaintiff's proposed notice, I approve that notice document for issuance to potential class members subject to the revision ordered above.

B.

Plaintiff asks that I order the posting of the notice at Greatland's office. She also seeks to transmit the notice to potential class members by U.S. Mail, email, and text message. To effectuate those efforts, she asks that I order defendants to produce the names, addresses, email addresses, telephone numbers, dates of employment, social security numbers, and dates of birth for potential class members.

Defendant does not object to providing the names, mailing addresses, and email addresses of potential class members or to the transmission of notice by U.S. Mail, email, and posting at Greatland's facility. Such disclosures and transmission methods are now commonplace for issuing notice of FLSA collective actions. *See, e.g., Muir v. Guardian Heating & Cooling Services, Inc.*, 16 C 9755, 2017 WL 959028, at *10 (N.D.Ill. Mar. 13, 2017). Plaintiff's motion is granted with respect to these requests.

I am not convinced by defendant's objection that notice by text message is unnecessary and overly intrusive. While courts do not uniformly permit the transmission of notice by text message, the circumstances of this case weigh in favor of it. According to plaintiff's declaration, she and the potential class members spend much of their work weeks travelling between patient's homes. Given the nomadic nature of this workforce, text message may be the preferred form of communication for some potential class members. Similarly, any moderate intrusion caused by such a text message is outweighed by the interest in apprising all potential class members of this action.

Nor am I convinced by defendants' objection that the production of dates of employment is needlessly burdensome. Defendants already must determine which employees worked within three years of this order to identify potential class members

and provide corresponding discovery. Providing the dates of employment for these employees should not add significant burden on top of that task. Moreover, such information is commonly provided in FLSA actions. *See, e.g., Muir,* 2017 WL 959028, at *10; *Girolamo v. Community Physical Therapy & Asscs., Ltd.*, 2016 WL 3693426, at *5-6 (N.D.Ill. July 12, 2016).

Defendants also object to the production of social security numbers and dates of birth as those are sensitive personal data. Such data should not be released for providing notice unless necessary. *See Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2016 WL 7426135, at *6 (N.D. Ill. Dec. 23, 2016) (citing *Blakes v. Ill. Bell Tel. Co.*, No. 11 CV 336, 2011 WL 2446598, *7 (N.D. Ill. June 15, 2011)). Plaintiff contends that this information will assist her in contacting potential class members who can no longer be located. But, she does not explain why this information is needed for the initial transmission of notice. For any potential class members whose notice is returned as undeliverable, defendants shall produce those individuals' dates of birth and the last four digits of their social security numbers subject to the Agreed Confidentiality Order entered in this case, Dkt. No. 21.

C.

Plaintiff asks that I set a 60-day period from the initial mailing of Notice for potential class members to opt-in to this

case and allow her to send a reminder notice 20 days before the end of that period. As defendants do not object to a 60-day notice period, I grant that request.

Defendants object to the issuance of a reminder notice. They point to *Slaughter v. Caidan Mgmt Co.*, LLC, 317 F. Supp. 3d 981, 994 (N.D. Ill. 2018), where the court determined a reminder was not needed where it approved multiple forms of transmitting notice. They also point to *Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2016 WL 7426135, at *6 (N.D. Ill. Dec. 23, 2016), where the court noted that "a reminder notice could be interpreted as encouragement by the Court to join the lawsuit." Plaintiff responds that a reminder is necessary to ensure all potential class members receive notice and would be useful to those who did not receive the initial notice or misplaced it. Here, where I've approved three forms of transmitting notice, two of which are paperless, and ordered the posting of notice at defendants' facility, plaintiff's argument is unconvincing.

V.

For the foregoing reasons, I grant plaintiffs' motion in part as follows:

A. I conditionally certify a collective action by plaintiff and similarly situated individuals pursuant to 29 U.S.C. § 216(b), defined as:

> All individuals employed by Greatland Home Health Services, Inc. as home health Registered Nurses, Physical Therapists,

       Occupational Therapists, and Speech
       Therapists and who were paid on a "per
       visit" basis during a period from three
       years prior to the entry of the conditional
       certification order to the present.

B. Defendants shall produce to plaintiff, within ten days of this order, a computer-readable data file containing the names, addresses, email addresses, telephone numbers, dates of employment, for potential members of the approved collective action. Within ten days of being informed by plaintiff of the potential class members whose notice is returned as undeliverable, defendants shall produce such individuals' dates of birth and the last four digits of their social security numbers, subject to the Agreed Confidentiality Order entered in this case, Dkt. No. 21.

C. I approve the remainder of plaintiffs' proposed notice in a form that incorporates the revision set forth in the above opinion.

D. Plaintiff is authorized to send the approved notice by first-class U.S. Mail, email, and text message to all potential members of the approved collective action to inform them of their right to opt-in to this lawsuit. I likewise approve a 60-day notice period.

E. Defendants shall post the approved notice at a location in Greatland's office where members of the approved collective class are likely to view it for the duration of the 60-day notice period.

                                 **ENTER ORDER:**

                                 **Elaine E. Bucklo**
                             United States District Judge

Dated: February 7, 2020